**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2825-19

HAROLD HANSEN,

     Plaintiff-Appellant,

v.

RITE AID CORP. and
CRAIG MAURIELLO,

     Defendants-Respondents,

and

ECKERD CORPORATION,
MICHELLE CAGA, and
LISA FORD,

     Defendants.

_____

Argued September 23, 2021 – Decided October 6, 2021

Before Judges Alvarez and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4790-08.

Denise Campbell argued the cause for appellant.

James Bucci argued the cause for respondents (Genova Burns, LLC, attorneys; James Bucci, of counsel and on the brief; Peter F. Berk, on the brief).

PER CURIAM

Plaintiff Harold Hansen appeals from the Law Division's February 25, 2020 Order of Judgment granting his post-trial motion for counsel fees and costs in part and denying it in part. Having considered plaintiff's arguments on appeal in light of the record and the applicable law, we affirm the February 25, 2020 judgment substantially for the reasons set forth by Judge Linda Grasso Jones in her comprehensive, seventy-three-page written decision.

The parties are fully familiar with the history of this matter, which is detailed in our two prior opinions, Hansen v. Rite Aid Corp. (Hansen I), No. A-2972-13 (App. Div. Jan. 20, 2016) and Hansen v. Rite Aid Corp. (Hansen II), No. A-4750-16 (App. Div. May 2, 2018), and in Judge Grasso Jones' decision. Therefore, we will not recite that history in detail here.

Plaintiff filed his action against his former employers, Rite Aid Corp. and Eckerd Corp., and some individual employees of those companies. Among other things, he alleged sexual orientation, age, and gender discrimination in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. At the end of the third trial in this matter in June 2019, the jury returned a verdict in favor

of plaintiff on his sexual orientation discrimination claim against Rite Aid and one of its employees, Craig Mauriello. The jury awarded plaintiff $220,000 in economic damages against these defendants for lost back pay, $200,000 in punitive damages against Rite Aid, and $500 in punitive damages against Mauriello. Judge Grasso Jones subsequently awarded defendant $38,975.28 in prejudgment interest.

In July 2019, plaintiff filed a motion for counsel fees and costs as permitted under the LAD, N.J.S.A. 10:5-27.1. Plaintiff requested "an award of counsel fees in the amount of $4,773,845[] ($2,386,922.50 with a 100% enhancement which doubles the lodestar fee request) and costs in the amount of $261,928.58." Thus, "[t]he total request by plaintiff for counsel fees and costs in this matter [was] $5,035,773.50." Defendants opposed the motion and argued that although plaintiff might be entitled to counsel fees and costs under the LAD, the amount he sought was not supported by the record and should be reduced.

In addressing plaintiff's motion, Judge Grasso Jones carefully reviewed plaintiff's request on a line-by-line basis, and created a detailed fifty-four-page chart evaluating each of the individual items contained in plaintiff's lengthy request for counsel fees and costs. She then wrote an exhaustive decision explaining each of her rulings.

3

Judge Grasso Jones denied many of plaintiff's desired fees and costs because she found them unreasonable. Judge Grasso Jones found, and we concur, that this was not a particularly complex matter, even though it was tried three times. The judge also found that plaintiff's calculation of the lodestar based upon a $725 hourly rate for his two attorneys was unreasonable because there was no persuasive evidence that the attorneys had ever charged any client that amount, or that this was a "local customary rate" in the vicinage or anywhere else in New Jersey. Thus, Judge Grasso Jones found $375 per hour was an appropriate rate for plaintiff's primary attorney, and calculated the other attorney's fees at the rate of $325 per hour.

Judge Grasso Jones found that the total hours for which plaintiff sought compensation also needed to be drastically reduced. For example, plaintiff's attorney submitted bills containing "numerous entries" for more than twenty-four hours in one day. Plaintiff also sought reimbursement for counsel fees he expended on the two appeals, even though such a request was clearly barred by Rule 2:11-4, which requires that motions for counsel fees related to an appeal be filed in the Appellate Division within ten days after the termination of the appeal. In addition, plaintiff improperly asked to be paid for the fees his attorney charged for an unrelated unemployment compensation matter.

4

Judge Grasso Jones disallowed other fees because they were incurred in the presentation of arguments, such as plaintiff's motions to recuse two trial court judges, that were unsuccessful. The judge also disallowed fees where there were "[e]rrors and excessive time" in the billing statements.

Judge Grasso Jones rejected plaintiff's request for a 100% enhancement of the counsel fees he sought. Applying the standards set forth in Walker v. Giuffre, 209 N.J. 124, 138 (2012), the judge found "[n]o support . . . for plaintiff's request for a 100% enhancement," instead granting a more reasonable 20% enhancement. At the same time, however, the judge reduced plaintiff's attorney's fees by 20% to account for the limited success of plaintiff's attorney's efforts throughout the course of the trials. Finally, the judge reduced the total costs plaintiff sought in his application for the reasons set forth in her opinion.

As a result of her thorough review of plaintiff's application, the judge awarded plaintiff $643,892.50 in counsel fees and $97,495.47 in costs, for a total of $741,387.97. The judge entered a judgment to this effect in plaintiff's favor on February 25, 2020. This appeal followed.

On appeal, plaintiff raises the same contentions he unsuccessfully presented to Judge Grasso Jones. He asserts that the judge abused her discretion by not awarding him all of the fees and costs he sought in his application.

A-2825-19

The standards governing our review of a trial judge's decision on an application for counsel fees and costs are well established. A trial court's award of counsel fees "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). The first step in determining the fee award is calculating the "lodestar," which is a reasonable hourly rate for counsel's services multiplied by the number of hours reasonably expended. Walker, 209 N.J. at 130-31. This is "the most significant element in the award of a reasonable fee because that function requires the trial court to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party to support the fee application." Rendine, 141 N.J. at 335.

The Supreme Court has cautioned that trial courts "should not accept passively the submissions of counsel to support the lodestar amount[.]" Ibid. "'It does not follow that the amount of time actually expended is the amount of time reasonably expended.'" Ibid. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). Hours are not considered reasonably expended if they are "excessive, redundant, or otherwise unnecessary" or are spent on "claims on which the party did not succeed" or "that were distinct in all respects from claims

A-2825-19

on which the party did succeed." Ibid. (internal quotation marks and citations omitted).

Applying these principles, we discern no basis for disturbing Judge Grasso Jones' reasonable resolution of plaintiff's application for counsel fees and costs. The judge went over plaintiff's bills line-by-line and fully explained each and every ruling she rendered. The judge's findings are fully supported by the record and, in light of those findings, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2825-19